# Edward C. Blee, Admr. of Margaret Blee, Deceased, Plff. in Err., *v.* David Giltinan.

A widow signed a judgment note under the following circumstances: Her husband owed A for money loaned and goods sold. Immediately on the death of the husband and while he was yet unburied, A went to the widow and presented her with the note and requested her to sign it as an acknowledgment of the loan made to her husband. She asked A if she did not have a year to pay it in and he told her "No," and she then signed the note. She subsequently acknowledged that she had given the note for the money loaned and goods furnished to her husband and herself and declared her willingness to pay it if A would give her time. On an issue to determine the validity of the judgment entered on the note, the court gave binding instructions for A. *Held,* that there was no error in such instructions.

(Argued January 16, 1888. Decided February 6, 1888.)

January Term, 1887, No. 309, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 3 of Philadelphia County to review a judgment in favor of the plaintiff on an issue to determine the validity of a judgment. Affirmed.

The facts as they appeared at the trial were as follows:

In June, 1882, Hugh Blee, the husband of Margaret Blee, opened a saloon, having borrowed $300 from David Giltinan and bought from him a bill of goods amounting to $600, for which indebtedness he gave Giltinan a judgment note for $912.-80, payable in one day and signed by himself and wife. On the following day Giltinan entered judgment on this note against both husband and wife, which judgment as to the wife was stricken off December 4, 1882. July 8, 1882, Hugh Blee died. July 10, 1882, Margaret Blee gave to Giltinan a judgment note for $912.80.

John Gallagher, a witness for the defendant, testified as to the circumstances under which the note was given, as follows:

I was there when Mr. Giltinan called, after Mr. Blee's death. He was lying a corpse. I was up stairs, at the head of the

NOTE.—For evidence required on rule to open a judgment, see note to Roenigk's Appeal, 1 Sad. Rep. 284.

stairs. Mrs. McCaughran called up stairs for Mrs. Blee. I went into the room where the corpse was and spoke to Mrs. Blee. She was leaning over the body in this way, and weeping. In consequence of what I said she went down. I helped her down stairs. She was very feeble, and in great distress, and I assisted her down. Mr. Giltinan was at the foot of the stairs. He introduced himself and handed her a paper, and said to her: "I want you to sign this for a little acknowledgment of the $300 I loaned your husband." She says, "What?" He says, "I want you to sign this for a little acknowledgment of the $300 I loaned your husband." She says, "Haven't I a year to pay it in?" He said, "No." And then they went into a room and she signed the note, and he took it and folded it up. It was not read to her, and she did not read it, nor ask to have it read. I did not read it either.

Michael Cuen, a witness for the plaintiff, testified that Margaret Blee had said to him she had given Giltinan a judgment note for the goods and money obtained from him by her husband and herself, and that if Giltinan would wait she would pay him in instalments.

The court gave binding instructions in favor of the plaintiff, and a verdict was rendered accordingly.

Judgment was subsequently entered for the plaintiff on the verdict.

The assignment of error specified the action of the court in giving binding instructions in favor of the plaintiff.

*A. Lewis Smith,* for plaintiff in error.—The defense of fraud, in the nature of duress, which is made in this case, is unquestionably a permissible defense to an action on a bond. Chitty, Cont. 161; Collins v. Blantern, 1 Smith, Lead. Cas. 8th ed. p. 667; Stubbs v. King, 14 Serg. & R. 206.

With the facts narrated in the history of the case in view, it must be maintained that it was an unlawful act on the part of the defendant in error in procuring the note to be signed by Mrs. Blee, when she was manifestly not in a condition to transact the business. His rights could not have been prejudiced by waiting. Nothing so unsettles the mind as grief, and a woman is peculiarly susceptible to its influence. Elbert v. O'Neil, 2 Chester Co. Rep. 1; Springer's Appeal, 111 Pa. 228, 2 Atl. 855.

Mrs. Blee was in such a condition that she could be as easily imposed on as an illiterate person. She did not know what she was signing. That an instrument signed by such a person may be avoided is decided in Schuylkill County v. Copley, 67 Pa. 386, 5 Am. Rep. 441; and Green v. North Buffalo Twp. 56 Pa. 110.

It is contended, moreover, that the trial judge should have left the case to the jury with proper instructions. It was error to give binding instructions for the plaintiff. Even if Mrs. Blee had been in a condition to know what she was doing, the misrepresentations of Giltinan were such that she has a right to avoid the effect of her signature. He told her that the note was for $300. This was false. He told her that she did not have a year to pay the money in. This was doubly false—false in fact and in implication. McGrann v. Pittsburgh & L. E. R. Co. 111 Pa. 171–183, 2 Atl. 872; Young v. Edwards, 72 Pa. 257–267.

*George H. Earle, Jr.,* and *Richard P. White,* for defendant in error.—In all cases where the cancelation of a contract is sought on the ground of fraud, courts of equity should maintain the principle that no relief be given, unless a distinct case of fraud be clearly proved. Campbell v. Patterson, 95 Pa. 454.

That a man should retain the property which he purchased, and at the same time recover from the seller the whole amount of the purchase money, that he should be permitted both to affirm and to annul the sale, is contrary to reason, to justice, and to the authorities. Summers v. Ritchie, 30 Pa. 147, note.

The parol evidence which will reform a written instrument must be clear, precise, and indubitable; that is to say, it must carry clear conviction to the mind of the court, that, if the facts alleged are true, the matters in issue are definitely and distinctly established. Cullmans v. Lindsay, 114 Pa. 170, 6 Atl. 332. See also Phillips v. Meily, 106 Pa. 544; Sylvius v. Kosek, 117 Pa. 67, 2 Am. St. Rep. 645, 11 Atl. 392; Campbell v. Patterson, 95 Pa. 454; Beetem v. Burkholder, 69 Pa. 253; Babcock v. Case, 61 Pa. 430, 100 Am. Dec. 654; Kase v. John, 10 Watts, 107, 36 Am. Dec. 148; Turnp. Road Co. v. Com. 2 Watts, 433; Roth v. Crissy, 30 Pa. 145; and Summers v. Ritchie, 30 Pa. 147, note; Negley v. Lindsay, 67 Pa. 217, 5 Am. Rep. 427; Pearsoll v. Chapin, 44 Pa. 9; Lauer's Appeal,

12 W. N. C. 165; Gould v. Cayuga County Nat. Bank, 21 Hun, 293; Brown v. Hartford F. Ins. Co. 117 Mass. 479.

PER CURIAM:
Judgment affirmed.